UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JONATHON SCHIAVONE and ERIN REESE
a/k/a ERIN WASHINGTON,

                             Plaintiffs,

     v.                                      Civil Action No. _____

PORTFOLIO RECOVERY ASSOCIATES, LLC,

                             Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Jonathon Schiavone is a natural persons residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff, Erin Reese a/k/a Erin Washington, is a natural persons residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3), and is the girlfriend of Plaintiff, Jonathon Schiavone.

6. Defendant, Portfolio Recovery Associates, LLC, is a foreign limited liability company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8.  The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9.  All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff, Erin Reese a/k/a Erin Washington, incurred a credit card debt to HSBC Card Services III, Inc./Orchard Bank.  This debt will be referred to as "the subject debt."

11. The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. Plaintiff, Erin Reese a/k/a Erin Washington, thereafter defaulted on the subject debt.

13. Upon information and belief, Defendant acquired the subject debt from the original or subsequent creditor and began collection efforts.

14. Plaintiff, Erin Reese a/k/a Erin Washington, never received the required notice regarding the subject debt as is required by 15 U.S.C. §1692g.

15. Defendant has never spoken with Plaintiff, Erin Reese a/k/a Erin Washington, regarding the subject debt.

16. In or about November, 2012, Defendant began calling Plaintiff, Jonathon Schiavone, multiple times per week, often multiple times per day, in an attempt to collect on the subject debt of Plaintiff, Erin Reese a/k/a Erin Washington.

17. In or about November, 2012, during the first of these aforementioned calls, Plaintiff Jonathon Schiavone informed Defendant that he was Plaintiff, Erin Reese a/k/a Erin Washington's boyfriend.  Defendant then disclosed Plaintiff, Erin Reese a/k/a Erin Washington's debt to Plaintiff, Jonathon Schiavone.   During said conversation, Defendant also failed to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt.

18. During said conversation as is reiterated in paragraph 17, Plaintiff, Jonathon Schiavone, attempted to settle the subject debt for his girlfriend, Plaintiff, Erin Reese a/k/a Erin Washington.   Plaintiff Jonathon Schiavone requested that Defendant send something in writing regarding the settlement of the subject debt before any payment was made, and Defendant agreed to email said writing.

Plaintiff Jonathon Schiavone told Defendant that once he received the writing, he would call Defendant back, but that it needed to be later in the day since he was not allowed to be on a personal call while at work, which he was at the time. Defendant agreed to wait for Plaintiff Jonathon Schiavone to call back and the call was then terminated.

19. In or about November, 2012, on the same day as the conversation reiterated in paragraphs 17 and 18, Defendant again called Plaintiff, Jonathon Schiavone while he was at work. Again, Plaintiff Jonathon Schiavone told Defendant he was at work, that he was not allowed to be on a personal call while at work, and that he would call Defendant back later in the day once he left work.

20. Despite knowing that Plaintiff Jonathon Schiavone's employer prohibited personal calls while at work, Defendant called Plaintiff Jonathon Schiavone approximately eleven (11) more times that same day.

21. Because of the personal calls made by Defendant to Plaintiff Jonathon Schiavone, Plaintiff Jonathon Schiavone received disciplinary action, including loss of pay, from his employer.

22. In or about November, 2012, on the same day as the conversations and calls reiterated in paragraphs 16-19, Plaintiff, Jonathon Schiavone, called Defendant back. During said conversation, Defendant falsely stated that Plaintiff Erin Reese a/k/a Erin Washington gave them permission to speak with Plaintiff Jonathon Schiavone, when in fact she has never spoken to Defendant. Defendant also falsely stated that Plaintiff Jonathon Schiavone identified himself as Plaintiff Erin Reese a/k/a Erin Washington's husband, when in fact he identified himself as her fiancé.

23. Plaintiff, Erin Reese a/k/a Erin Washington, never gave permission for Defendant to speak with Plaintiff, Jonathan Schiavone, regarding her debt.

24. As a result of Defendant's acts, Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

25. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692b(2) and 15 U.S.C. §1692b(3) by disclosing Plaintiff, Erin Reese a/k/a Erin Washington's debt to Plaintiff, Jonathon

Schiavone, and by contacting Plaintiff Jonathon Schiavone more than once absent a request to do so.

B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff, Jonathon Schiavone's telephone to ring with the intent to annoy, abuse or harass.

C. Defendant violated 15 U.S.C. §1692c(a)(3) by contacting Plaintiff, Jonathon Schiavone, at his place of employment despite knowing that his employer prohibits such communications.

D. Defendant violated 15 U.S.C. §1692e, and 15 U.S.C. §1692e(10) by using false and misleading representations when stating Plaintiff, Erin Reese a/k/a Erin Washington, gave permission to Defendant to speak with Plaintiff, Jonathon Schiavone about her debt when in fact she had never spoken to Defendant, and by stating that Plaintiff, Jonathon Schiavone, identified himself as Plaintiff, Erin Reese a/k/a Washington's husband, when in fact he identified himself as her fiancé.

E. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt in its communications with Plaintiff, Jonathon Schiavone.

F. Defendant violated 15 U.S.C. §1692g by failing to send to Plaintiff, Erin Reese a/k/a Erin Washington, the 30-day validation notice within five days of the initial communication.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant for:

(a)  Actual damages;

(b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)  For such other and further relief as may be just and proper.

4

## VI. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: February 25, 2013

/s/ Kimberly T. Irving_____
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiffs*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: kirving@kennethhiller.com